

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable C. Burtt Porter
County Attorney
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. O-3821
Re: Would the State Board of Education be
compelled to surrender bonds of Sinton
Independent School District now held by
the Board of Education, said bonds not
having a call date, providing refunding
bonds be voted for the express purpose
of refunding the outstanding bonds in
order to obtain a lower interest rate.

We acknowledge receipt of your opinion request of July 25,
and quote from your letter as follows:

"The Sinton Independent School District issued
bonds in 1933 or '34 which were purchased by the State
Board of Education. The following questions arise:

"1. Would the State Board of Education or
State Treasurer, as custodian, be compelled to surrender
bonds of the Independent School District now held by the
Board of Education; said bonds not having a call date,
providing refunding bonds was voted by the people for
the express purpose of refunding the outstanding bonds
in order to obtain a lower interest rate?

"2. Where an independent school district has
outstanding bonds that are owned by the State Board of
Education, and three (3%) per cent refunding bonds could
be issued to retire the five (5%) per cent bonds, would
the State Board of Education be required to surrender
the 5% bonds, although such bonds had no call date."

We have been unable to locate a Texas case squarely in point
but we believe that the well established rule is laid down by the Supreme
Court of Kansas in the case of State ex rel Parker, Attorney General v. Sta
School Fund Commission, et al, 103 Pac. (2d) 801:

"It is well settled that in the absence of a
provision therefor, either in the bonds or an applicable
statute, municipal bonds issued for a certain number of
years are not redeemable before maturity without the con-
sent of the persons holding them".

See also 44 C.J. 1235;   State v. Keith (Supreme Court of Okla.) 66 Pac. (2d) 1059;   Brenham v. German-American Bank, 144 U.S. 173.

There is no constitutional or statutory provision in this State providing that bonds may be redeemed before maturity at the option of the school district.  The school district may, however, reserve in the bonds an option to redeem.

In view of the foregoing it is our opinion that a school district has no authority to call bonds prior to their maturity date against the will of the owner, in the absence of express stipulation therefor in the bonds.

Therefore, both of your questions are answered in the negative.

Trusting that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ Claud O. Boothman
Claud O. Boothman
Assistant

COB-s-wc


APPROVED AUG 21, 1941
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/GWB Chairman